IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH A. ROBERTS,

                          Plaintiff,                                          ORDER
        v.
                                                                          11-cv-253-slc
DEB MCCULLOCH,
                          Defendant.

---

Plaintiff Kenneth Roberts is a patient at the Sand Ridge Secure Treatment Facility in

Mauston, Wisconsin pursuant to Chapter 980 of the Wisconsin Statutes.  On April 7, 2011, I

entered an order directing plaintiff to submit a certified copy of his six-month resident account

statement so that the court can calculate what amount of money, if any, plaintiff would have to

prepay towards the $350 filing fee.  In the same order, I explained that this court has adopted

the 1996 Prison Litigation Reform Act's formula for determining indigence for all

institutionalized persons and in order for plaintiff to pursue his request for leave to proceed *in

forma pauperis* he must submit the required resident account statement.  Plaintiff has submitted

the requested trust fund account statement.  Plaintiff has also filed a motion for reconsideration

of the April 7, 2011 order, which I construe as a motion to waive the filing fee (dkt. #4).

In his motion, plaintiff challenges the application of  *Longbehn v. United States,* 169 F.3d

1082 (7th Cir. 1999) to his case and asserts that because he is not a prisoner or subject to the

PLRA that he should not have to submit a resident account statement.  I agree with plaintiff that

because he is a patient at the Sand Ridge Secure Treatment Center, he is not a prisoner and

therefore not subject to the PLRA.  *West v. Macht*, 986 F.Supp. 1141, 1143 (W. D. Wis. 1997).

However, the *in forma pauperis* statute does not permit a court to *waive* entirely a plaintiff's

obligation to pay the filing fee, it simply permits the court to grant qualifying individuals leave

to proceed without *prepaying* the entire fee.  In *Longbehn v. Reno*, 27 F. Supp. 2d 1162 (W.D. Wis. 1998), the court concluded that it was appropriate to adopt the Prison Litigation Reform Act's method for determining indigency in cases involving institutionalized persons because the method is fair, easy to apply and results in institutionalized persons relinquishing only a fraction of their average monthly deposits to the court.  *Id.* at 1165.  The Court of Appeals for the Seventh Circuit approved this approach.  *Longbehn* 169 F.3d at 1083.  Therefore, plaintiff's motion to waive the filing fee in this case will be denied.

From the resident trust fund account statement submitted by plaintiff, I calculate his initial partial payment to be $17.96.  Plaintiff is reminded that paying the amount I have determined he is able to prepay is just the first step in obtaining leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  After the court receives plaintiff's payment, I will take his complaint under advisement for a determination under § 1915(e)(2) whether the action or any portion of it must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff seeks monetary relief against a defendant who is immune from such relief.  Plaintiff should show a copy of this order to institution officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that plaintiff's motion to waive the filing fee, dkt. #4, is DENIED. Plaintiff is assessed $17.96 as an initial partial payment of the $350 filing fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $17.96 on or before May 25, 2011. If, by May 25, 2011, plaintiff fails to make the initial partial

payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.  In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 5th day of May, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge